UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BOBBY WEAVER, JR.,

     Plaintiff,

vs.

MARSHALS OF MA, INC.,
a Foreign Profit Corporation,
THE TJX COMPANIES, INC.,
Foreign Profit Corporation, and
HOMEGOODS, INC.,
a Foreign Profit Corporation,

     Defendants.

Case No:
Judge
Magistrate

| | |
|---|---|
| Brian L. Fantich (P60935)<br>Carra J. Stoller (P64540)<br>Adam J. Gantz (P58558)<br>LAW OFFICE OF KELMAN & FANTICH<br>Attorneys for Plaintiff<br>30903 Northwestern  #270<br>Farmington Hills, MI  48334<br>248.855.0100<br>kelmanandassociates@yahoo.com | John J. Gillooly (P41948)<br>GARAN LUCOW MILLER, P.C.<br>Attorney for Defendants<br>1155 Brewery Park Blvd., Ste 200<br>Detroit, MI  48207<br>313.446.5501<br>jgillooly@garanlucow.com |

## NOTICE OF REMOVAL OF CAUSE TO
## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## <u>SOUTHERN DIVISION</u>

NOW COME Defendants, MARSHALLS OF MA, INC., THE TJX
COMPANIES, INC. and HOMEGOODS, INC., by and through their
attorneys, GARAN LUCOW MILLER, P.C., and hereby give notice of their
removal of this action from the Circuit Court for the County of Macomb,

State of Michigan (Case No. 18-4872-NO) to the United States District Court for the Eastern District of Michigan Southern Division, pursuant to 28 U.S.C.§§ 1332 and 1441.   In support of their Notice of Removal, MARSHALLS OF MA, INC., THE TJX COMPANIES, INC. and HOMEGOODS, INC. state as follows:

1.     An action has been commenced against MARSHALLS OF MA, INC., THE TJX COMPANIES, INC. and HOMEGOODS, INC. in the Circuit Court for the County of Macomb, State of Michigan entitled *Bobby Weaver, Jr. v. Marshalls of MA, Inc., The TJX Companies, Inc. and Homegoods, Inc.*, Case No. 18-4872-NO.  Copies of the Summons and Complaint, and all pleadings filed are attached hereto as **Exhibit A**.

2.     MARSHALLS OF MA, INC., THE TJX COMPANIES, INC. and HOMEGOODS, INC. were served with copies of the Summons and Complaint, Plaintiff's First Set of Interrogatories Directed to Defendant The TJX Companies, Inc. and Request for Production of Document/Things to Defendant The TJX Companies, Inc. through their registered agent by certified mail on December 24, 2018.  This Notice of Removal is due within thirty (30) days following receipt thereof, and is therefore timely under 28 U.S.C. § 1446(b)(1).

3.     In his Complaint, Plaintiff alleges that he suffered an injury at the location of 28780 Gratiot Avenue, in Roseville, Michigan.   Plaintiff

seeks damages in an unspecified amount in excess of $25,000, the jurisdictional minimum for a civil action filed in a Michigan circuit court. **(Exhibit A, para. 5)**

## <u>Grounds for Removal</u>

4.    This Honorable Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and removal is proper pursuant to 28 U.S.C. § 1441(a), which provides, in pertinent part, that:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending.

5.    The United States District Court for the Eastern District of Michigan, Southern Division, has original jurisdiction because this is an action (a) wherein the amount in controversy exceeds the sum of $75,000 exclusive of interests and costs; and (b) between citizens of different states.

6.    Plaintiff alleges in his Complaint that he is a resident of the County of Wayne and resides in Michigan. (See **Exhibit A, para. 1**)  Thus, Plaintiff is a citizen of Michigan.

7.    MARSHALLS of MA, INC. is a foreign corporation with its principle place of business located in Framingham, Massachusetts.  (See the State of Massachusetts Corporations Bureau Confirmation pages for

Marshalls of MA, Inc., attached hereto as **Exhibit B**.)   THE TJX
COMPANIES, INC. is a foreign corporation with its principle place of
business located in Framingham, Massachusetts.   (See the State of
Massachusetts Corporations Bureau Confirmation pages for The TJX
Companies, Inc., attached hereto as **Exhibit B**.)   HOMEGOODS, INC. is a
foreign corporation with its principle place of business located in
Framingham, Massachusetts.   (See the State of Massachusetts
Corporations Bureau Confirmation pages for HomeGoods, Inc., attached
hereto as **Exhibit B**.)   Thus, Defendants MARSHALLS of MA, INC., THE
TJX COMPANIES, INC. and HOMEGOODS, INC. are citizens of the State
of Massachusetts.

8.     Because Plaintiff is a citizen of Michigan and Defendants are
citizens of Massachusetts, there is complete diversity of citizenship
between the parties.

9.     Further the amount in controversy exceeds $75,000 as
discerned from the allegations in Plaintiff's Complaint, discussion with
Plaintiff's counsel, and pertinent jury verdict and settlement research.   A
notice of removal may assert the amount in controversy if the initial
pleading seeks "a money judgment, but the State practice . . . permits
recovery of damages in excess of the amount demanded" and the district
court finds that the amount in controversy is more likely than not above

4

$75,000.  *See* 28 U.S.C. § 1446(c)(A)-(B); *see also Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993), *abrogated on other grounds, Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010).

10.   Plaintiff has alleged that he "suffered injuries and damages including, but not limited to, injury to his back and spine resulting in nerve damage, right shoulder, altered gait, permanent limp, inability to ambulate, permanent scarring, diminished extension, flexion, and range of motion; his head, neck upper and lower extremities, decrease in gross and fine motor skills, server shock as well as physical pain and suffering".  (**Exhibit A**, para. 19).  Plaintiff's allegations of injuries reflect a substantial likelihood that this controversy involves claims exceeding $75,000.

### Procedural Requirements for Removal

11.   MARSHALLS of MA, INC., THE TJX COMPANIES, INC. and HOMEGOODS, INC. have satisfied or will satisfy all of the procedural requirements for removal under 28 U.S.C. § 1446.

a.   In accordance with 28 U.S.C. § 1446(a), this is the appropriate court for removal because the state court in which this action was commenced, the Macomb County Circuit Court, is within this Court's district and division. Copies of all process, pleadings, and orders served upon Marshalls of MA, Inc., The TJX Companies, Inc. and Homegoods, Inc. in this action, including the Summons and Complaint, Plaintiff's First Set of Interrogatories Directed to Defendant The TJX Companies, Inc. and Request for Production of Document/Things to

5

Defendant The TJX Companies, Inc. are attached as **Exhibit A**. This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11.

b.   In accordance with 28 U.S.C. § 1446(b)(1), this Notice of Removal is being timely filed within 30 days of the receipt of the Summons and Complaint.

c.   In accordance with 28 U.S.C. § 1446(d), Marshalls of MA, Inc., The TJX Companies, Inc. and Homegoods, Inc. are promptly notifying Plaintiff in writing that this case has been removed to this Honorable Court pursuant to this Notice of Removal. Marshalls of MA, Inc., The TJX Companies, Inc. and Homegoods, Inc. has, contemporaneously with the filing of this Notice of Removal, filed a copy of the same with the court clerk of the Macomb County Circuit Court.

12.   The prerequisites for removal have been met.  If any questions arise as to the propriety of the removal of this action, MARSHALLS of MA, INC., THE TJX COMPANIES, INC. and HOMEGOODS, INC. respectfully request the opportunity to present briefing, argument, and further evidence necessary to support its position that this case is removable.

13.   In removing this action, MARSHALLS of MA, INC., THE TJX COMPANIES, INC. and HOMEGOODS, INC. specifically reserve all their defenses including, without limitation, all defenses specified in Rule 12(b) of the Federal Rules of Civil Procedure.

WHEREFORE, Defendants MARSHALLS of MA, INC., THE TJX COMPANIES, INC. and HOMEGOODS, INC. hereby petition to remove

this case from the Circuit Court for the County of Macomb, State of Michigan to the United States District Court for the Eastern District of Michigan, Southern Division, and requests that all future proceedings be held in this Court.

> Respectfully submitted,
> GARAN LUCOW MILLER, P.C.
>
> /s/John J. Gillooly
> GARAN LUCOW MILLER, P.C.
> 1155 Brewery Park Blvd., Ste 200
> Detroit, MI  48207
> 313.446.5501
> jgillooly@garanlucow.com
> P41948

DATED:   January 10, 2019

# EXHIBIT A

Approved, SCAO

| | Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|

| STATE OF MICHIGAN<br>JUDICIAL DISTRICT<br>16TH JUDICIAL CIRCUIT<br>COUNTY PROBATE | SUMMONS | CASE NO.<br>18-4872-NO |
|---|---|---|

Court address
**40 N. MAIN STREET, MT. CLEMENS, MI**                                        Court telephone no.

| Plaintiff's name(s), address(es), and telephone no(s).<br>BOBBY WEAVER, JR. | | Defendant's name(s), address(es), and telephone no(s).<br>MARSHALLS OF MA, INC., a Foreign Profit Corporation |
|---|---|---|
| | v | THE TJX COMPANIES, INC., a Foreign Profit Corporation |
| Plaintiff's attorney, bar no., address, and telephone no.<br>BRIAN L. FANTICH (P60935)<br>CARRA J. STOLLER (P64540)<br>ADAM J. GANTZ (P58558)<br>30903 NORTHWESTERN HWY., STE. 270<br>FARMINGTON HILLS, MI 48334 | | HOMEGOODS, INC., a Foreign Profit Corporation<br><br>*JENNIFER FAUNCE* |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. Attached is a completed case inventory (form MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☒ this court, ☐ _____ Court, where

it was given case number _____ and assigned to Judge _____

The action ☐ remains ☒ is no longer  pending.

Summons section completed by court clerk.                    **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. YOU HAVE 21 DAYS after receiving this summons and a copy of the complaint to file a written answer with the court and serve a copy on the other party or take other lawful action with the court (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>DEC 17 2018 | Expiration date*<br>MAR 1 8 2019 | Court clerk |
|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01   (8/16)  **SUMMONS**                                    MCR 1.109(D), MCR 2.102(B), MCR 2.104, MCR 2.105

| | SUMMONS |
|---|---|
| **PROOF OF SERVICE** | Case No. *18-9872-NO* |

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

**CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE**

| ☐ OFFICER CERTIFICATE | OR | ☐ AFFIDAVIT OF PROCESS SERVER |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that:  (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that:  (notarization required) |

☐ I served personally a copy of the summons and complaint.
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,
together with _____   List all documents served with the summons and complaint

Plaintiff's Request for Production of Documents/Things, Requests to Admit/Interrogatories to Defendant

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | The TJX Companies, Inc. c/o The Corporation Company 40600 Ann Arbor Road, E., Suite 201 Plymouth, MI 48170 | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled  Fee $ | | Signature |
|---|---|---|---|
| Incorrect address fee $ | Miles traveled  Fee $ | TOTAL FEE $ | Name (type or print) |
| | | | Title |

Subscribed and sworn to before me on _____ , _____ County, Michigan.
                                                          Date

My commission expires: _____   Signature: _____
                                          Date                              Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

**ACKNOWLEDGMENT OF SERVICE**

I acknowledge that I have received service of the summons and complaint, together with _____
                                                                                                Attachments

_____ on _____
                                          Day, date, time

_____ on behalf of _____
Signature

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF MACOMB

BOBBY WEAVER, JR.,

    Plaintiff,

vs.

Case No. 18-4872-NO
Hon.

MARSHALLS OF MA, INC., a
Foreign Profit Corporation

THE TJX COMPANIES, INC., a
Foreign Profit Corporation

HOMEGOODS, INC., a Foreign Profit
Corporation

    Defendants.

JENNIFER FAUNCE

RECEIVED
DEC 17 2018
MACOMB COUNTY CLERK

LAW OFFICE OF KELMAN & FANTICH
BRIAN L. FANTICH P60935
CARRA J. STOLLER P64540
ADAM J. GANTZ P58558
Attorney for Plaintiff
30903 Northwestern #270
Farmington Hills, MI 48334
(248) 855-0100
FAX (248) 855-3557

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this complaint pending in this court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any other civil action, not between these parties, arising out of the same transaction or occurrence as alleged in this complaint that is either pending or was previously filed and dismissed, transferred, or otherwise disposed of after having been assigned to a judge in this court.

## COMPLAINT

NOW COMES the above-named Plaintiff, by and through his attorneys, THE LAW OFFICE KELMAN & FANTICH, and files this Complaint against the Defendant and states as follows:

1. That Plaintiff is a resident of the City of Detroit, County of Wayne, State of Michigan.

2. That at all times hereinafter mentioned, prior and subsequent thereto, Defendant, MARSHALLS OF MA, INC., a Foreign Profit Corporation doing business at 28780 Gratiot Ave, in the City of Roseville, County of Macomb, State of Michigan with its resident agent, The Corporation Company, 40600 Ann Arbor Rd., Ste. 201, Plymouth, MI 48170.

3. That at all times hereinafter mentioned, prior and subsequent thereto, Defendant, THE TJX COMPANIES, INC., a Foreign Profit Corporation doing business at 28780 Gratiot Ave, in the City of Roseville, County of Macomb, State of Michigan with its resident agent, The Corporation Company, 40600 Ann Arbor Rd., Ste. 201, Plymouth, MI 48170.

4. That at all times hereinafter mentioned, prior and subsequent thereto, Defendant, HOMEGOODS, INC., a Foreign Profit Corporation doing business at 28780 Gratiot Ave, in the City of Roseville, County of Macomb, State of Michigan with its resident agent, The Corporation Company, 40600 Ann Arbor Rd., Ste. 201, Plymouth, MI 48170.

5. That the amount in controversy herein exceeds the sum of Twenty Five Thousand ($25,000.00) Dollars exclusive of costs, interest and attorney fees.

6. That on or about December 24, 2015, the Defendants, did business and was the owners and/or maintainers of real property located at 28780 Gratiot Ave, in the City of Roseville, County of Macomb, State of Michigan.

7. That on or about December 24, 2015 Defendants had exclusive possession and control over the area where the incident occurred.

8. That on or about December 24, 2015, Plaintiff was a business invitee at Defendant's establishment located at 28780 Gratiot Ave, in the City of Roseville, County of Macomb, State of Michigan; that on that date, Plaintiff was walking on Defendants' premises when, suddenly and without warning, he slipped and fell on a slippery, transparent liquid

substance that had been allowed to accumulate on the floor for an unreasonable length of time, which blended with the color and contour of the floor and which caused Plaintiff to sustain serious and disabling injuries, as more fully hereinafter set forth.

9.     That at all times relevant to the within, the Defendants owed a duty to the Plaintiff to properly maintain the premises and were in a position to best control and prevent the condition exposing the Plaintiff to the unreasonable risk of harm, and knew of the defective and unsafe condition on the floor.

10.    That the Defendant owed a duty to the Plaintiff to inspect the area to ensure that the premises would pose no risk of unreasonable harm to those lawfully on the premises.

11.    That notwithstanding said knowledge and in total disregard of said duties, the Defendants breached the same by the following omissions, including but not limited to:

a.     Allowing the transparent, wet, slippery condition to remain on the floor for an unreasonable period of time;

b.     Failing to mop, clean and/or inspect the area, thereby negligently and carelessly increasing said hazardous condition;

c.     Negligently and carelessly failing to keep the area in a condition fit for its intended and foreseeable use and allowing said camouflaged hazard to remain in the area where customers were known to traverse;

d.     Failing to warn business invitees and others of the dangerous and hazardous condition on their premises.

12.    That Defendants are liable for the negligent actions/inactions of its employees, representatives pursuant to the *doctrine of respondeat superior*.

13.    That Defendant's under a separate and distinct duty owed to Plaintiff, are responsible for the active negligence of its employees and are liable to Plaintiff for the injuries sustained to her.

14.    That Defendants under a separate and distinct duty owed to Plaintiffs Defendants

negligently performed their respective obligations-duties to the detriment of Plaintiff under the contract causing severe and disabling injuries giving rise to tort liability.

15.  That Defendants under a separate and distinct duty owed to Plaintiff Defendant's negligently directed/escorted Plaintiff to a defective area on the premises causing Plaintiff to sustain serious and disabling injuries.

16.  That Defendants under a separate and distinct duty failed to direct/escort Plaintiff to a safe hazard free area, thereby causing Plaintiff to sustain serious and disabling injuries.

17.  The Defendants through a separate and distinct theory of liability are liable to Plaintiff under the doctrine of res ipsa loquitur which the defendants breached violated.

18.  That Defendants under a separate and distinct duty owed to Plaintiff Defendants through their respective active negligence created a new hazard altering the premises which posed an unreasonable risk of harm to the detriment of Plaintiff causing severe and disabling injuries.

19.  That as a direct and proximate result of the negligence and carelessness of Defendants, and all of them, the Plaintiff sustained damages including, but not necessarily limited to:

a.  Severe injuries to back and spine resulting in nerve damage; injuries to right shoulder; altered gait, permanent limp, inability to ambulate, permanent scarring; diminished extension, flexion, and range of motion; injuries to his head and neck, severe injuries to his upper and lower extremities; decrease in gross and fine motor skills;  severe shock, as well as physical pain and suffering;

b.  The requirement of intense therapy for injuries which are permanent in nature;

c.  Severe humiliation and embarrassment, which is of an ongoing and permanent nature;

d.  Loss of full ability to perform the normal vocational and avocational activities of life, and which prevent Plaintiff from participating in recreational activities, which loss is permanent;

e.    Past, present and future hospital, medical, and pharmaceutical bills for treatment and medication;

f.    Severe, frequent and persistent pain which is of a continuing and permanent nature.

20.    That Defendants enjoyed joint possession and control over the are/premises where Plaintiff was injured.

21.    That Defendant's have breached their respective duties under the International Property Maintenance Code (2009 Edition) and Building Construction Ordinance Section 302.3, which is applicable under MCLA 554.139.  Said statutory/code breach caused Plaintiff's severe injuries to his detriment.

22.    That in the event that Plaintiff was suffering from any other medical and/or emotional condition, then in that event, Plaintiff claims that those conditions were precipitated, aggravated and/or accelerated by reason of the foregoing incident herein described.

WHEREFORE, Plaintiff prays for Judgment against the Defendant in whatever amount above Twenty Five Thousand Dollars ($25,000.00) that Plaintiff may be found to be entitled plus costs, interest and attorney fees so wrongfully sustained.

LAW OFFICE OF KELMAN & FANTICH

Dated: December 14, 2018

By: _____
BRIAN L. FANTICH P-60935
Attorney for Plaintiff
30903 Northwestern Hwy., Ste. 270
Farmington Hills, MI  48334
(248) 855-0100

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF MACOMB

BOBBY WEAVER, JR.,

               Plaintiff,

vs.

MARSHALLS OF MA, INC., a
Foreign Profit Corporation

THE TJX COMPANIES, INC., a
Foreign Profit Corporation

HOMEGOODS, INC., a Foreign Profit
Corporation

               Defendants.

Case No. 2018-004872-NO
Hon. JENNIFER FAUNCE

---

LAW OFFICE OF KELMAN & FANTICH
BRIAN L. FANTICH P60935
CARRA J. STOLLER P64540
ADAM J. GANTZ P58558
Attorneys for Plaintiff
30903 Northwestern Highway, Suite 270
Farmington Hills, MI 48334
(248) 855-0100 FAX (248) 855-3557
kelmanandassociates@yahoo.com

---

## PLAINTIFF'S FIRST SET OF
## INTERROGATORIES DIRECTED TO DEFENDANT
## THE TJX COMPANIES, INC.

NOW COMES the above-named Plaintiff, by and through his attorneys, LAW OFFICES OF KELMAN & FANTICH, and submits for answer to Defendant, THE TJX COMPANIES, INC., its agents, servants, employees, representatives or attorneys, the following Interrogatories to be answered under oath, separately and fully, in writing, within twenty-eight (28) days after service thereof in accordance with the Michigan Court Rules. The information sought herein must be provided by you, your agents, servants, representatives or attorneys, or any other person who has made this information and knowledge known to you, or from whom you can obtain this information, and who is competent to testify to the facts stated. Said Interrogatories are continuing in nature and as the answers change, amended answers in writing are to be served upon Plaintiff's attorney promptly.

1.      Please state the name, address, job title of the person answering these Interrogatories.

**ANSWER:**


2.      Did the Defendant have any established procedure for the inspection of the area where this incident took place on the date of the incident?

**ANSWER:**


3.      If so, please state:

   a)     The description of the procedure.

   b)     The date the last inspection was made prior to the date of this incident.

   c)     The name, job title, address and telephone number of each person who participated in such inspection.

   d)     Whether or not such inspection included an inspection of the area in which the Plaintiff was allegedly injured.

**ANSWER:**


4.      If the Defendant had no established procedure for inspection, state whether or not an inspection was made of any location in question at any time on the date of the alleged injury.

**ANSWER:**


5.      If so, please state:

   a)     The time when the such inspection took place.

   b)     The condition disclosed by such inspection.

**ANSWER:**

6.      Prior to this incident, did the Defendant have notice that the location in question constituted a hazardous condition due to the defective area?

**ANSWER:**

7.      If so, please state:

a)      Whether such information was obtained as a result of an inspection made by the Defendant and if so the name, job title, address and telephone number of such person who made such an inspection and the date when same was made.

b)      If the Defendant was informed of the condition by an attendant, employee, tradesman, postman, occupant, neighbor, tenant or any other person who used the area, and if so, the name or other means of identification such as address or telephone number of the person who informed the Defendant and the date and time when such information was received.

**ANSWER:**

8.      After learning of the condition at the location in question, please state:

a)      Whether the Defendant posted a sign of warning regarding the potentially hazardous condition.

b)      Whether the Defendant attempted to render it safe in some other manner and if so in what manner.

**ANSWER:**

9.      At any time after the incident, were any photographs taken of the scene of the accident?

**ANSWER:**

10.     If so, please state:

a)      The date when such pictures were taken.

b)      The name or other means of identification address or phone number of the person who took the photographs and the name of the person who employed the photographer.

3

    c)    The name and address of the person who presently has possession or custody of such photographs.

**ANSWER:**


11.    What is the name, address and telephone number of each person known to the Defendant to have witnessed this incident?

**ANSWER:**


12.    Was a written statement taken from such witnesses by the Defendant or any other person on the Defendant's behalf?

**ANSWER:**


13.    What is the name of the person or other means of identification by way of address or telephone number of the person who presently has possession or custody of each written statement?

**ANSWER:**


14.    Please state whether or not any employee of the Defendant spoke with the Plaintiff after the incident and if so please identify said person.

**ANSWER:**


15.    Please state whether or not an incident report was made as a result of the alleged incident which occurred in this cause of action.

**ANSWER:**

16.     If so, please identify such document with the name and address of the witness and or employee who made the report, the date and other appropriate description of the incident report.

**ANSWER:**

17.     What is the name or other means of identification such as address or telephone number of the person who presently has possession or custody of said incident report?

**ANSWER:**

18.     After the incident, was there an investigation made by or on behalf of the Defendant concerning the circumstances of this incident?

**ANSWER:**

19.     If so, what is the name and address of each person who made such an investigation?

**ANSWER:**

20.     Was the written report furnished to the Defendant of the investigation?

**ANSWER:**

21.     If so, what is the name, address and telephone number of the person who presently has possession or custody of the report?

**ANSWER:**

22.     On the date of this incident, was the Defendant insured with respect to any of the claims, cause of action injuries or damages alleged or claimed against the Defendant in this cause of action?

**ANSWER:**


23.     If so, please state:
   a)     The total number of such policies.
   b)     The name of the company that issued the policies.
   c)     The policy number of each such policy.
   d)     The name of each person designated as insured's on each policy.
   e)     The limits of bodily injury or public liability coverage of each policy.

**ANSWER:**


24.     Have any changes been made at the place where this incident occurred since the date of this incident?

**ANSWER:**


25.     If so, please give details of such changes.

**ANSWER:**


26.     State the name and address of all expert witnesses to be presented by you and their field of expertise.

**ANSWER:**

27.     When did you first have notice of Plaintiff's injury?

**ANSWER:**


28.     Is it the contention or allegation of the Defendant that the Plaintiff by any act or omission caused or contributed to the cause of Plaintiff's alleged injuries?

**ANSWER:**


29.     If you answered the proceeding Interrogatory in the affirmative, please state in detail each act or omission by the Plaintiff which it is contended or alleged caused or contributed to the cause of Plaintiff's injuries.

**ANSWER:**


30.     Please state if any other persons were injured at the location where this incident occurred as a result of the defect prior to this incident to the present, setting forth the names of the parties injured, dates, and cause(s) of their injuries.

**ANSWER:**


Respectfully submitted,

**LAW OFFICES OF KELMAN & FANTICH**


BRIAN L. FANTICH (P60935)
Attorneys for Plaintiff
30903 Northwestern Highway, Suite 270
Farmington Hills, MI 48334
(248) 855-0100

DATED: 12-20-18

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF MACOMB

BOBBY WEAVER, JR.,

        Plaintiff,

vs.

Case No. 2018-004872-NO
Hon. JENNIFER FAUNCE

MARSHALLS OF MA, INC.,
a Foreign Profit Corporation

THE TJX COMPANIES, INC.,
a Foreign Profit Corporation

HOMEGOODS, INC.,
a Foreign Profit Corporation

        Defendants.

LAW OFFICES OF KELMAN & FANTICH
BRIAN L. FANTICH P60935
CARRA J. STOLLER P64540
ADAM J. GANTZ P58558
Attorneys for Plaintiff
30903 Northwestern Highway, Suite 270
Farmington Hills, MI 48334
(248) 855-0100 FAX (248) 855-3557
kelmanandassociates@yahoo.com

## REQUEST FOR PRODUCTION OF DOCUMENT/THINGS

**TO:**   **THE TJX COMPANIES, INC., Defendant**

      NOW COMES Plaintiff, by and through his attorneys, LAW OFFICES OF KELMAN & FANTICH, and pursuant to all purposes under MCR 2.314 and any other applicable rules, the following request is made for the production of all information, including but not limited to:

     1.     Any and all incident/investigative reports relative to the subject matter of this lawsuit.

     2.     Any and all photographs, diagrams, drawings taken of the defect on Defendant's premises that is the subject matter of this lawsuit.

     3.     Any and all witness statements taken by Defendant, its agents, servants and/or employees.

4.     Any and all witness statements taken by Defendant's insurance carrier or their agents and/or representatives.

5.     Any and all photographs, diagrams, drawings of the area where this incident occurred that is the subject matter of this lawsuit.

6.     Any and all repair logs, maintenance logs, maintenance requests, in any form for the two (2) years prior to this incident.

7.     Any and all repair logs, maintenance logs, maintenance requests, in any form for the two (2) years after this incident.

8.     Any and all written policies, procedures for employees relative to maintenance, inspection, stacking, shelving and storage practices of Defendant in effect on the date of this incident.

9.     Any and all lease and/or maintenance agreements in effect on the date of this incident.

10.     Any and all Curriculum Vitaes of any and all experts you intend to call at the trial of this matter.

11.     Any and all video tapes, tape recordings, surveillance, computer records, photographs regarding Plaintiff.

Respectfully submitted,

**LAW OFFICES OF KELMAN & FANTICH**

BRIAN L. FANTICH (P60935)
Attorneys for Plaintiff
30903 Northwestern Highway, Suite 270
Farmington Hills, MI 48334
(248) 855-0100

DATED: 12-20-18

-2-

# EXHIBIT B



**William Francis Galvin**
Secretary of the Commonwealth of Massachusetts

# Corporations Division

## Business Entity Summary

**ID Number: 042261984**

[ Request certificate ]    [ New search ]

**Summary for:  MARSHALLS OF MA, INC.**

| The exact name of the Domestic Profit Corporation:    MARSHALLS OF MA, INC. |
|---|

**The name was changed from:** MARSHALL'S, INC. **on** 08-21-1996
**The name was changed from:** MARSHALL'S OF BEDFORD, INC. **on** 04-26-1973
**The name was changed from:** MARSHALL'S OF TEWKSBURY, INC. **on** 11-16-1962

**Merged with MARSHALLS OF WATERTOWN, MA., INC. on** 09-30-1996
**Merged with MARSHALLS OF HYANNIS, MA., INC. on** 09-30-1996
**Merged with MARSHALLS OF RAYNHAM, MA., INC. on** 09-30-1996
**Merged with MARSHALLS OF WORCESTER, MA., INC. on** 09-30-1996
**Merged with MARSHALLS OF FRANKLIN, MA.,INC. on** 09-30-1996
**Merged with MARSHALLS OF BROCKTON, MA., INC. on** 09-30-1996
**Merged with MARSHALLS OF BURLINGTON, MA., INC. on** 09-30-1996
**Merged with MARSHALLS OF ANDOVER, MA., INC on** 09-30-1996
**Merged with MARSHALLS OF BOSTON, MA., INC. on** 09-30-1996
**Merged with MARSHALLS OF PLYMOUTH, MA., INC. on** 09-30-1996
**Merged with MARSHALLS OF HAVERHILL, MA., I on** 09-30-1996
**Merged with MARSHALLS OF MOBILE, AL, INC. on** 09-30-1996
**Merged with MARSHALLS OF DORCHESTER, MA., on** 09-30-1996
**Merged with MARSHALLS OF NO. ATTLEBORO, MA on** 09-30-1996
**Merged with MARSHALLS OF REVERE, MA., INC. on** 09-30-1996
**Merged with MARSHALLS OF GRETNA, LA., INC. on** 09-30-1996
**Merged with MARSHALLS OF SWANSEA, MA., INC on** 09-30-1996
**Merged with MARSHALLS OF TEWKSBURY - ROUTE on** 09-30-1996
**Merged with MARSHALLS OF NEWBURYPORT,MA., on** 09-30-1996
**Merged with MARSHALLS OF WALTHAM, MA., INC on** 09-30-1996
**Merged with MARSHALLS OF DENNIS, MA., INC. on** 09-30-1996
**Merged with MARSHALLS OF FRAMINGHAM, MA., on** 09-30-1996
**Merged with MARSHALLS OF SAUGUS, MA., INC. on** 09-30-1996
**Merged with MARSHALL'S ENTERPRISES, INC. ( on** 10-08-1996
**Merged with MARSHALLS OF EL CAJON-FLETCHER on** 01-23-1997
**Merged with MARSHALLS OF CAMPBELL, CA., IN on** 01-23-1997
**Merged with MARSHALLS OF MEDFORD,MA.,INC. on** 01-23-1997
**Merged with MARSHALLS OF WEST LOS ANGELES, on** 01-23-1997
**Merged with MARSHALLS OF STONEHAM, MA., INC. on** 01-23-1997
**Merged with MARSHALLS OF CATONSVILLE MD., on** 03-27-1997
**Merged with** MARSHALLS OF NORTHRIDGE - DEVONSHIRE, CA., INC. (Note: Entity is not registered in Massachusetts) **on** 03-01-2005

| **Entity type:**   Domestic Profit Corporation |
|---|

| **Identification Number:** 042261984 |
|---|

| **Date of Organization in Massachusetts:**   05-20-1958 |
|---|

|  | **Last date certain:** |
|---|---|

| **Current Fiscal Month/Day:** 01/31 | **Previous Fiscal Month/Day:** 01/31 |
|---|---|

**The location of the Principal Office:**

Address:  770 COCHITUATE RD. CORP TAX DEPT J5S

City or town, State, Zip code, Country:         FRAMINGHAM,  MA  01701  USA

**The name and address of the Registered Agent:**

Name:    C T CORPORATION SYSTEM

Address:  155 FEDERAL STREET STE 700

City or town, State, Zip code, Country:         BOSTON,  MA  02110  USA

**The Officers and Directors of the Corporation:**

| Title | Individual Name | Address |
|---|---|---|
| PRESIDENT | RICHARD SHERR | 770 COCHITUATE ROAD FRAMINGHAM, MA 01701 USA |
| TREASURER | MARY B. REYNOLDS | 770 COCHITUATE ROAD FRAMINGHAM, MA 01701 USA |
| SECRETARY | ANN MCCAULEY | 770 COCHITUATE ROAD FRAMINGHAM, MA 01701 USA |
| DIRECTOR | DAVID AVERILL | 770 COCHITUATE ROAD FRAMINGHAM, MA 01701 USA |
| DIRECTOR | JOHN KLINGER | 770 COCHITUATE ROAD FRAMINGHAM, MA 01701 USA |
| DIRECTOR | MARY B. REYNOLDS | 770 COCHITUATE ROAD FRAMINGHAM, MA 01701 USA |

**Business entity stock is publicly traded:**

**The total number of shares and the par value, if any, of each class of stock which this business entity is authorized to issue:**

| Class of Stock | Par value per share | Total Authorized | | Total issued and outstanding |
|---|---|---|---|---|
| | | No. of shares | Total par value | No. of shares |
| CNP | $ 0.00 | 1,000 | $ 0.00 | 0 |

**Consent   Confidential Data   Merger Allowed   Manufacturing**

**Note: Additional information that is not available on this system is located in the Card File.**

**View filings for this business entity:**

ALL FILINGS
Administrative Dissolution
Annual Report
Application For Revival
Articles of Amendment

**View filings**

**Comments or notes associated with this business entity:**

New search

 **William Francis Galvin**
Secretary of the Commonwealth of Massachusetts 

# Corporations Division

## Business Entity Summary

### ID Number: 042207613

Request certificate    New search

### Summary for: THE TJX COMPANIES, INC.

| | |
|---|---|
| **The exact name of the Foreign Corporation:** | THE TJX COMPANIES, INC. |

**The name was changed from:** ZAYRE CORP. **on** 06-21-1989

**Merged with COMMONWEALTH DIRECT MARKETING, INC. on** 07-18-1996
**Merged with CODE BLAZER, INC. on** 01-12-1998
**Merged with AJW REALTY OF FALL RIVER, INC. on** 01-04-2012
**Merged with AJW MERCHANTS, INC. on** 01-18-2013
**Merged with COCHITUATE REALTY, INC. on** 03-31-2014

**Entity type:** Foreign Corporation

| **Identification Number:** 042207613 | **Old ID Number:** |
|---|---|

**Date of Registration in Massachusetts:** 04-17-1962

**Last date certain:**

**Organized under the laws of: State:** DE **Country:** USA **on:** 04-09-1962

| **Current Fiscal Month/Day:** 1 /31 | **Previous Fiscal Month/Day:** 1 /31 |
|---|---|

**The location of the Principal Office:**

Address:  770 COCHITUATE RD. C/O TAX DEPT J5S

City or town, State, Zip code, Country:    FRAMINGHAM, MA  01701  USA

**The location of the Massachusetts office, if any:**

Address:

City or town, State, Zip code, Country:

**The name and address of the Registered Agent:**

Name:    C T CORPORATION SYSTEM

Address:  155 FEDERAL ST., SUITE 700

City or town, State, Zip code, Country:    BOSTON, MA  02110  USA

**The Officers and Directors of the Corporation:**

| Title | Individual Name | Address |
|---|---|---|
| PRESIDENT | ERNIE HERRMAN | 770 COCHITUATE ROAD FRAMINGHAM, MA 01701 USA |
| TREASURER | MARY B. REYNOLDS | 770 COCHITUATE ROAD FRAMINGHAM, MA 01701 USA |

Mass. Corporations, external master page

| SECRETARY | ANN MCCAULEY | 770 COCHITUATE ROAD FRAMINGHAM, MA 01701 USA |
| DIRECTOR | CAROL MEYROWITZ | 770 COCHITUATE ROAD FRAMINGHAM, MA 01701 USA |
| DIRECTOR | BERNARD CAMMARATA | 770 COCHITUATE ROAD FRAMINGHAM, MA 01701 USA |

**Business entity stock is publicly traded:** ✓

**The total number of shares and the par value, if any, of each class of stock which this business entity is authorized to issue:**

| Class of Stock | Par value per share | Total Authorized | | Total issued and outstanding |
| | | No. of shares | Total par value | No. of shares |
|---|---|---|---|---|
| CNP | $ 0.00 | 1,000 | $ 0.00 | 0 |

▨ **Consent** ▨ **Confidential Data** ▨ **Merger Allowed** ▨ **Manufacturing**

**View filings for this business entity:**

```
ALL FILINGS
Amended Foreign Corporations Certificate
Annual Report
Annual Report - Professional
Application for Reinstatement
```

[ **View filings** ]

**Comments or notes associated with this business entity:**

[ **New search** ]

 

**William Francis Galvin**
Secretary of the Commonwealth of Massachusetts

# Corporations Division

## Business Entity Summary

**ID Number: 043183269**

[ Request certificate ]    [ New search ]

**Summary for: HOMEGOODS, INC.**

| | |
|---|---|
| **The exact name of the Foreign Corporation:** HOMEGOODS, INC. | |
| **Merged with H.G. MERCHANTS, INC. on** 01-26-2007 | |
| **Entity type:** Foreign Corporation | |
| **Identification Number:** 043183269 | **Old ID Number:** 000426044 |
| **Date of Registration in Massachusetts:** 04-06-1993 | |
| **Last date certain:** | |
| **Organized under the laws of: State:** DE **Country:** USA **on:** 03-02-1993 | |
| **Current Fiscal Month/Day:** 01/31 | **Previous Fiscal Month/Day:** 01/31 |

**The location of the Principal Office:**

Address: 770 COCHITUATE RD. CORP TAX DEPT J5S

City or town, State, Zip code, Country:        FRAMINGHAM, MA  01701   USA

**The location of the Massachusetts office, if any:**

Address:

City or town, State, Zip code, Country:

**The name and address of the Registered Agent:**

Name:    C T CORPORATION SYSTEM

Address: 155 FEDERAL STREET STE 700

City or town, State, Zip code, Country:        BOSTON, MA  02110   USA

**The Officers and Directors of the Corporation:**

| Title | Individual Name | Address |
|---|---|---|
| PRESIDENT | JOHN RICCIUTI | 770 COCHITUATE ROAD FRAMINGHAM, MA 01701 USA |
| TREASURER | MARY B. REYNOLDS | 770 COCHITUATE ROAD FRAMINGHAM, MA 01701 USA |
| SECRETARY | ANN MCCAULEY | 770 COCHITUATE ROAD FRAMINGHAM, MA 01701 USA |
| DIRECTOR | DAVID AVERILL | 770 COCHITUATE ROAD FRAMINGHAM, MA 01701 USA |

| DIRECTOR | MARY B. REYNOLDS | 770 COCHITUATE ROAD FRAMINGHAM, MA 01701 USA |
| DIRECTOR | JOHN KLINGER | 770 COCHITUATE ROAD FRAMINGHAM, MA 01701 USA |

**Business entity stock is publicly traded:**

**The total number of shares and the par value, if any, of each class of stock which this business entity is authorized to issue:**

| | | Total Authorized | | Total issued and outstanding |
| Class of Stock | Par value per share | No. of shares | Total par value | No. of shares |
|---|---|---|---|---|
| CNP | $ 0.00 | 1,000 | $ 0.00 | 0 |

    **Consent**    **Confidential Data**    **Merger Allowed**    **Manufacturing**

**View filings for this business entity:**

ALL FILINGS
Amended Foreign Corporations Certificate
Annual Report
Annual Report - Professional
Application for Reinstatement

[ **View filings** ]

**Comments or notes associated with this business entity:**

[ **New search** ]

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BOBBY WEAVER, JR.,

      Plaintiff,

vs.

MARSHALS OF MA, INC.,
a Foreign Profit Corporation,
THE TJX COMPANIES, INC.,
Foreign Profit Corporation, and
HOMEGOODS, INC.,
a Foreign Profit Corporation,

      Defendants.

Case No:
Judge
Magistrate

| Brian L. Fantich (P60935) | John J. Gillooly (P41948) |
|---|---|
| Carra J. Stoller (P64540) | GARAN LUCOW MILLER, P.C. |
| Adam J. Gantz (P58558) | Attorney for Defendants |
| LAW OFFICE OF KELMAN & FANTICH | 1155 Brewery Park Blvd., Ste 200 |
| Attorneys for Plaintiff | Detroit, MI  48207 |
| 30903 Northwestern  #270 | 313.446.5501 |
| Farmington Hills, MI  48334 | jgillooly@garanlucow.com |
| 248.855.0100 | |
| kelmanandassociates@yahoo.com | |

## **AFFIDAVIT**

STATE OF MICHIGAN)
               ) ss.
COUNTY OF WAYNE )

      JOHN J. GILLOOLY, being first duly sworn, deposes and says, that

he is associated with the law firm of GARAN LUCOW MILLER, P.C. and

that he has been charged with the defense and representation of

MARSHALLS of MA, INC., THE TJX COMPANIES, INC. and HOMEGOODS, INC., Defendants, herein; that in such capacity he has prepared the foregoing Notice of Removal of Cause to the United States District Court, Eastern District of Michigan, Southern Division, that the matters set forth in said Notice are true except as to those matters stated herein to be upon his information and belief as to which matters he is informed and believes same to be true.

Further deponent sayeth not.

/s/John J. Gillooly
JOHN J. GILLOOLY (P41948)

Subscribed and sworn to before me
on the 10th day of January, 2019.

/s/Deborah Brossoit
Deborah Brossoit, Notary Public
County of Wayne, State of Michigan
My Commission Expires: 09/19/2020

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BOBBY WEAVER, JR.,

      Plaintiff,

vs.

MARSHALS OF MA, INC.,
a Foreign Profit Corporation,
THE TJX COMPANIES, INC.,
Foreign Profit Corporation, and
HOMEGOODS, INC.,
a Foreign Profit Corporation,

      Defendants.

Case No:
Judge
Magistrate

| | |
|---|---|
| Brian L. Fantich (P60935) | John J. Gillooly (P41948) |
| Carra J. Stoller (P64540) | GARAN LUCOW MILLER, P.C. |
| Adam J. Gantz (P58558) | Attorney for Defendants |
| LAW OFFICE OF KELMAN & FANTICH | 1155 Brewery Park Blvd., Ste 200 |
| Attorneys for Plaintiff | Detroit, MI  48207 |
| 30903 Northwestern  #270 | 313.446.5501 |
| Farmington Hills, MI  48334 | jgillooly@garanlucow.com |
| 248.855.0100 | |
| kelmanandassociates@yahoo.com | |

## PROOF OF SERVICE

STATE OF MICHIGAN)
                     ) ss.
COUNTY OF WAYNE )

      DEBORAH BROSSOIT, being first duly sworn, deposes and says that she is associated with the law firm of GARAN LUCOW MILLER, P.C., attorney for Defendant and that on January 10, 2019, she caused to be served a copy of **NOTICE FOR REMOVAL, AFFIDAVIT, and PROOF OF SERVICE** upon the following:

Brian L. Fantich, Esq.                    Clerk Assignment
Carra J. Stoller, Esq.                    Macomb County Circuit Court
Adam J. Gantz, Esq.                       40 N. Main Street
kelmanandassociates@yahoo.com             Mt. Clemens, MI 48043

by electronic filing the foregoing paper with the Clerk of the Macomb County Circuit Court using the E-Filing system.

/s/Deborah Brossoit

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF MACOMB

BOBBY WEAVER, JR.,

       Plaintiff,

                                Case No:  18-004872-NO
                                Judge Jennifer Faunce

v.

MARSHALS OF MA, INC.,
a Foreign Profit Corporation,
THE TJX COMPANIES, INC.,
Foreign Profit Corporation, and
HOMEGOODS, INC.,
a Foreign Profit Corporation,

       Defendants.

| | |
|---|---|
| Brian L. Fantich (P60935)<br>Carra J. Stoller (P64540)<br>Adam J. Gantz (P58558)<br>LAW OFFICE OF KELMAN & FANTICH<br>Attorneys for Plaintiff<br>30903 Northwestern  #270<br>Farmington Hills, MI  48334<br>248.855.0100<br>kelmanandassociates@yahoo.com | John J. Gillooly (P41948)<br>GARAN LUCOW MILLER, P.C.<br>Attorney for Defendants<br>1155 Brewery Park Blvd., Ste 200<br>Detroit, MI  48207<br>313.446.5501<br>jgillooly@garanlucow.com |

## **NOTICE OF FILING OF REMOVAL**

       **PLEASE TAKE NOTICE** that a Notice of Removal of the entitled action from the

Macomb County Circuit Court, State of Michigan, to the United States District Court for

the Eastern District of Michigan, a copy of which is attached hereto, was duly filed

January 9, 2019, in the United Sates District Court for the Eastern District of Michigan.

                                Respectfully submitted:

                                GARAN LUCOW MILLER, P.C.

                                 /s/John J. Gillooly
                                Attorney for Defendants
                                1155 Brewery Park Blvd., Suite 200
                                Detroit, MI  48207
                                313.446.5501
                                jgillooly@garanlucow.com
                                P41948

Dated:  January 10, 2019

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF MACOMB

BOBBY WEAVER, JR.,

      Plaintiff,

v.

MARSHALS OF MA, INC.,
a Foreign Profit Corporation,
THE TJX COMPANIES, INC.,
Foreign Profit Corporation, and
HOMEGOODS, INC.,
a Foreign Profit Corporation,

      Defendants.

Case No:  18-004872-NO
Judge Jennifer Faunce

---

| Brian L. Fantich (P60935)<br>Carra J. Stoller (P64540)<br>Adam J. Gantz (P58558)<br>LAW OFFICE OF KELMAN & FANTICH<br>Attorneys for Plaintiff<br>30903 Northwestern  #270<br>Farmington Hills, MI  48334<br>248.855.0100<br>kelmanandassociates@yahoo.com | John J. Gillooly (P41948)<br>GARAN LUCOW MILLER, P.C.<br>Attorney for Defendants<br>1155 Brewery Park Blvd., Ste 200<br>Detroit, MI  48207<br>313.446.5501<br>jgillooly@garanlucow.com |
|---|---|

---

## PROOF OF SERVICE

STATE OF MICHIGAN)
               ) ss.
COUNTY OF WAYNE )

    DEBORAH BROSSOIT, being first duly sworn, deposes and says that she is employed by GARAN LUCOW MILLER, P.C., and that on the 10th day of January, 2019, she served the **NOTICE OF FILING OF REMOVAL and PROOF OF SERVICE** by electronic filing the foregoing paper with the Clerk of the Court using the E-Filing system which will send notification of such filing to the following:

        **Brian L. Fantich, Esq.**
        **Carra J. Stoller, Esq.**
        **Adam J. Gantz, Esq.**
        kelmanandassociates@yahoo.com

                /s/Deborah Brossoit